IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TINA LI, | Case No. 3:22-cv-01216-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Tina Li ("Li") filed this action against her insurer, Defendant Allstate Fire and Casualty Insurance Company ("Allstate"), alleging claims for breach of contract and negligence *per se*. Allstate moves for partial summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56, arguing that Li's negligence *per se* claim fails as a matter of law.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and the parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court denies Allstate's motion for partial summary judgment.

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND[1]

On March 16, 2022, after sustaining injuries in a motor vehicle accident, Li filed this suit against Allstate in Multnomah County Circuit Court, pursuant to a provision for underinsured motorist coverage in her automobile insurance policy. (*See* Compl. ¶¶ 2, 5-8, 16-30, ECF No. 1-1; Notice Removal ¶¶ 2-6, ECF No. 1.) On August 18, 2022, a few days after the state court dismissed Allstate's co-defendants, both of whom were Oregon citizens like Li, Allstate, a citizen of Illinois, removed the case to this Court based on diversity jurisdiction. (*See* Notice Removal ¶¶ 2, 5-6; Compl. ¶¶ 2-5, 16-17, 29-30, seeking more than $75,000).

Li's remaining claims against Allstate are for breach of contract and negligence *per se*. (*See* Compl. at 2-5, confirming as much and demonstrating that Li's other two claims were against the dismissed, non-diverse defendants; Def.'s Mot. at 2-3, describing the same "remaining causes of action"). Li alleges that Allstate "breached its obligations under [her automobile] insurance policy by failing to [pay] underinsured motorist benefits in the amount of $100,000.00." (Compl. ¶ 17.)

In support of her negligence *per se* claim, Li alleges that Allstate "has and continues unreasonably to delay and deny payment of the policy benefits to which [she] is entitled," and has "failed and fails to conduct a reasonable investigation and assessment of, and to reach a reasonable settlement of [her] claims." (*Id.* ¶ 23.) Li further alleges that Allstate's conduct has violated the standard of care under Oregon Revised Statutes ("ORS") § 746.230, also known as the Unfair Claim Settlement Practices Act ("UCSPA"). (*See id.* ¶ 24.)

---

[1] The parties do not dispute this factual and procedural history. The Court also notes that Allstate's motion is based largely on the allegations in Li's complaint. (*See* Def.'s Mot. Partial Summ. J. ("Def.'s Mot.") at 1, 4, ECF No. 10, arguing that "[a]s a matter of law, [Li] cannot establish a right to recover damages under a [negligence *per se* theory] because she cannot plead facts sufficient to prove Allstate caused her any direct physical injury," and that Li "does not plead" such an injury).

PAGE 2 – OPINION AND ORDER

Specifically, Li alleges that Allstate violated the UCSPA by (1) "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims," (2) "[r]efusing to pay claims without conducting a reasonable investigation based on all available information," (3) "[f]ailing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted," (4) "[n]ot attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear," and (5) "[c]ompelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants." (Compl. ¶ 24.) Li alleges that as a result of Allstate's conduct, she has suffered economic damages (i.e., "unpaid policy benefits, attorney fees, and litigation costs") and noneconomic damages (i.e., "lost peace of mind, being forced to pursue this lawsuit, financial insecurity, emotional distress, stress, frustration, worry, inconvenience, and interference with [her] normal and usual activities"). (*Id.* ¶¶ 29-30.)

On February 1, 2023, the deadline for parties to amend pleadings or add any additional parties or claims, the Court held a discovery hearing. (*See* ECF Nos. 7, 9.) During the hearing, the Court stayed discovery pending resolution of Allstate's forthcoming motion for partial summary judgment. (ECF No. 9.) Notably, there is no dispute that Li's counsel's believed that Allstate's forthcoming motion would be "based solely on [Li's] negligence *per se* claim as pleaded and [Allstate's] legal arguments," and therefore "agreed that it made sense for the Court to decide [Allstate's forthcoming motion] first and to defer ruling on any discovery motions related to [Li's] noticed, FED. R. CIV. P. 30(b)(6) deposition of [Allstate]." (Decl. Matthew Kirkpatrick Supp. Pl.'s Resp. Def.'s Partial Mot. Summ. J. ("Kirkpatrick Decl.") ¶ 3, ECF No. 14; Pl.'s Resp. Def.'s Mot. Summ. J. ("Pl.'s Resp.") at 2, 7-8, ECF No. 13; *see also* Def.'s Reply

PAGE 3 – OPINION AND ORDER

Pl.'s Resp. Def.'s Mot. Partial Summ. J. ("Def.'s Reply") at 1-12, ECF No. 15.) Allstate's pending motion for partial summary judgment followed.

## LEGAL STANDARDS

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). At the summary judgment stage, the court views the facts in the light most favorable to the non-moving party, and draws all reasonable inferences in favor of that party. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

## DISCUSSION

Allstate moves for partial summary judgment on Li's negligence *per se* claim, arguing that such a claim fails and must be dismissed "as a matter of law" because Li cannot satisfy the physical impact rule or demonstrate that any potential exception applies. (*See* Def.'s Mot. at 1, 8-9, 11, 13-14.) As explained below, Li's negligence *per se* claim does not fail as a matter of law, and thus the Court denies Allstate's motion for partial summary judgment.

I. **PRELIMINARY MATTER**

As an initial matter, the Court must address the scope of Allstate's pending motion. Allstate primarily targets the allegations in Li's complaint, but also addresses her deposition testimony. (*See* Def.'s Mot. at 4-7, 14, quoting and making arguments related to excerpts from Li's deposition, including that Li's testimony contradicts her allegations and Li testified that she

PAGE 4 – OPINION AND ORDER

"suffered no emotional distress as a result of any action—or inaction—on the part of Allstate and admitted that she has never sought psychiatric or psychological treatment"; Decl. Douglas Foley Supp. Def.'s Mot. Partial Summ. J. ("Foley Decl.") ¶ 3, ECF No. 11, declaring that Allstate's counsel attached to his February 3, 2023 motion "a true and accurate excerpt from [Li's] [d]eposition conducted on January 12, 2023"; *id.* Ex. 3 at 1-5, attaching a nine-page transcript).

As discussed above, Li's counsel agreed to the current procedural posture because he believed that Allstate's forthcoming motion would be based solely on the pleadings. (Kirkpatrick Decl. ¶ 3.) Li's counsel represents that he relied on Allstate's representations during the February 1, 2023 hearing, and as a result, "has not filed a motion to compel [Allstate] to sit for its own deposition and did not submit [Li's] own declaration in response to [D]efendant's motion." (*Id.* ¶ 4.) Although Li's counsel asserts that Allstate's motion fails regardless of whether Court considers factual matters (*id.* ¶ 6; Pl.'s Resp. at 8), Li's counsel also asks the Court to "strike or disregard [Allstate's] improperly submitted evidence and improper fact-based arguments," or, alternatively, and pursuant to Rule 54(d), "defer ruling to the extent a complete factual record is needed." (Pl.'s Resp. at 2-3, 8-9.)

Allstate does not dispute Li's counsel's representations regarding the parties' understanding with respect to the scope of Allstate's motion. (*See* Def.'s Reply at 10-11.) Instead, Allstate simply argues that Li's request to strike her deposition excerpt is "moot" because her testimony does not change the analysis and outcome of the issue before the Court, namely, whether the Court "should dismiss [Li's] negligence *per se* claim for lack of physical injury and [Li's] inability to [invoke] one of the three [physical impact rule] exceptions." (*Id.*)

Pursuant to the parties' understanding that Allstate would limit its motion to the pleadings, and their agreement to litigate these issues prior to the close of discovery, the Court

PAGE 5 – OPINION AND ORDER

does not consider Li's deposition testimony to evaluate Allstate's motion for partial summary judgment.

## II. MERITS

To state a claim for negligence *per se*, a plaintiff must plausibly allege that "(1) [the] defendants violated a statute; (2) [the] plaintiff was injured as a result of that violation; (3) [the] plaintiff was a member of the class of persons meant to be protected by the statute; and (4) the injury [the] plaintiff suffered is of a type that the statute was enacted to prevent." *Buoy v. Soo Hee Kim*, 221 P.3d 771, 779 (Or. Ct. App. 2009) (simplified). As explained below, Li has stated a claim for negligence *per se*.

Li bases her negligence *per se* claim on Allstate's alleged violations of ORS § 746.230, also known as the UCSPA. (*See* Compl. ¶¶ 22-24.) The UCSPA addresses an insurer's unfair claim settlement practices, including the following practices on which Li relies:

   (c)   Failing to adopt and implement reasonable standards for the prompt investigation of claims;

   (d)   Refusing to pay claims without conducting a reasonable investigation based on all available information;

   (e)   Failing to affirm or deny coverage of claims within a reasonable time after completed proof of loss statements have been submitted;

   (f)   Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear; [and]

   (g)   Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants[.]

OR. REV. STAT. § 746.230. (*See also* Compl. ¶ 24, alleging violations of the foregoing subsections).

The parties acknowledge that Li's negligence *per se* claim is premised on the Oregon Court of Appeals' recent decision in *Moody v. Oregon Community Credit Union*, 505 P.3d 1047,

PAGE 6 – OPINION AND ORDER

1052-53 (Or. Ct. App.), *rev. allowed*, 512 P.3d 446 (Or. 2022). (*See* Def.'s Mot. at 8, noting that Li's negligence *per se* "claim is premised" on *Moody*; Pl.'s Resp. at 2, arguing that *Moody*, "the most recent and controlling Oregon law on the subject," supports Li's negligence *per se* claim). As noted, the Oregon Supreme Court granted review of the *Moody* decision. "The Oregon Supreme Court heard oral arguments on November 17, 2022, and a decision is [still] pending." *Butters v. Travelers Indem. Co.*, No. 3:22-cv-00726-SB, 2023 WL 3559472, at *2 n.2 (D. Or. May 18, 2023).

In *Butters*, the district judge recently adopted, in all relevant respects, this Court's Findings and Recommendation ("F&R"), which addressed most of the legal arguments that the parties raise here. *See id.* at *2-3. The district judge also persuasively addressed the insurer's new argument on review that regardless of whether *Moody* applied, the plaintiff's allegations failed to show any physical impact or meet an exception. *See id.* Allstate raises the same issue here. (*See* Def.'s Mot. at 9-11.)

The Court stands by its prior decision in *Butters* and agrees with the district judge's decision in *Butters* with respect to what types of allegations are sufficient to satisfy the physical impact rule. The Court addresses and repeats the relevant issues, authorities, and analysis as necessary below.

The Court begins with a discussion of *Moody*. In *Moody*, the plaintiff-widow filed breach of contract and negligence *per se* claims against her husband's life insurance provider. 505 P.3d at 1050-51. The relevant life insurance policy "provided that, if [the plaintiff's husband] suffered an accidental loss of life, [the insurer] would pay the benefit amount to [the] plaintiff." *Id.* at 1050. The plaintiff's negligence *per se* claim was based on the insurer's "failure to conduct a reasonable investigation of [her husband's] death and its failure, in good faith, to settle her

PAGE 7 – OPINION AND ORDER

claim—all in breach of ORS 746.230(1)." *Id.* at 1050. The trial court dismissed the negligence *per se* claim and struck alleged emotional distress damages, and the Oregon Court of Appeals reversed. *Id.*

The Oregon Court of Appeals addressed the issue of "when a party to a contract may sue another party to the same contract for negligence." *Id.* at 1051. The Oregon Court of Appeals explained that although "generally a party to a contract may not bring a tort claim against another party to the contract, an exception applies when the tort claim is predicated on a violation of a standard of care that exists independent of the contract." *Id.* at 1051 (citing *Abraham v. T. Henry Constr., Inc.*, 217 P.3d 212 (Or. Ct. App. 2009) (*Abraham I*), *aff'd on other grounds*, 249 P.3d 534, 538-41 (Or. 2011) (*Abraham II*)). The Oregon Court of Appeals cited *Abraham I* as illustrative of this point. *Id.* In *Abraham I*, a case involving a contract between homeowners and builders and a construction defect, the Oregon Court of Appeals held that a plaintiff could base a negligence claim on the defendants' violation of the "independent standard of care" under the Oregon Building Code. *Id.* at 1051-52. Consistent with and pursuant to *Abraham I*, the Oregon Court of Appeals in *Moody* held that ORS § 746.230(1) "provide[d] the basis for [the] plaintiff's negligence *per se* claim." *Id.* at 1052-53. The Oregon Court of Appeals also provided several reasons why it rejected the insurer's argument that such a claim failed as a matter of law. *Id.* at 1053-57.

With respect to damages and the pleading elements in a negligence *per se* case, the Oregon Court of Appeals stated that "the emotional distress that plaintiff allege[d] that she suffered [appeared to be] the sort of harm that ORS 746.230 was intended to prevent." *Id.* at 1052-53. The Oregon Court of Appeals then addressed at length the Oregon Supreme Court's

PAGE 8 – OPINION AND ORDER

decision in *Farris v. U.S. Fidelity & Guaranty Co.*, 587 P.2d 1015 (Or. 1978). *See Moody*, 505 P.3d at 1054-57.

The Oregon Court of Appeals rejected the defendant's argument that the "Oregon Supreme Court has determined that ORS 746.230(1) does not provide a cause of action for damages . . . [, because *Farris*] forecloses any negligence *per se* claim based on a violation of ORS 746.230(1)." 505 P.3d at 1054. The Oregon Court of Appeals explained that the defendant "read too much" into *Farris*, which "did *not* [address] a claim of statutory liability for the defendant's violation of ORS 746.230" and included "what was plainly *dictum*" about "whether [ORS 746.230] could support a claim for statutory liability, which might justify an award of damages for emotional distress." *Id.* The Oregon Court of Appeals further explained that even if the "*dictum* in *Farris* answered the question whether ORS 746.230 creates statutory liability for the violation of its provisions, . . . [Moody] pose[d] a different question—namely, whether the statute provides a standard of care for purposes of a claim for negligence *per se*," and "[n]othing in *Farris* even mentioned that issue." *Id.* at 1055. The Oregon Court of Appeals added that the defendant "err[ed] in assuming that a decision concerning whether an enactment creates statutory liability is dispositive of whether the same statute may supply a standard of care in a negligence *per se* case," because a statute's role and the related tests are different in "negligence *per se* cases and statutory liability cases," i.e., the respective tests are "whether the plaintiff is a member of the class of persons for whose benefit the legislation was enacted and whether the type of harm suffered was the kind the legislation was intended to prevent" and "whether the legislature intended to create a tort action for statutory liability." *Id.* (citations omitted). The Oregon Court of Appeals thus concluded that *Farris* was "not relevant" to the inquiry in *Moody*, a negligence *per se* case. *Id.*

The Oregon Court of Appeals also rejected the defendant's argument that "*Farris* held that avoiding emotional distress was not one of the purposes of enacting [ORS 746.230(1)]," and therefore the "plaintiff's negligence *per se* claim fail[ed] because it allege[d] noneconomic damages for the emotional distress resulting from the insurance company's violations of ORS 746.230(1)." *Id.* The Oregon Court of Appeals observed that the defendant "[o]nce again . . . read too much into *Farris*." *Id.* The Oregon Supreme Court explained that the relevant portion of *Farris* was "plainly *dictum*," not "a holding," and had no "precedential force," and *Farris* was "directed at a different question," not the relevant test in a negligence *per se* case. *Id.* at 1055-56.

Here, Allstate argues that *Moody* is "inconsistent with" *Farris*, which "held that violations of provisions of the insurance code prohibiting certain conduct did not give rise to a tort action," and that "the civil penalties outlined in the [i]nsurance [c]ode by [the] legislature do not suggest that another remedy exists outside of contract liability." (Def.'s Mot. at 9, 11; *see also* Answer ¶ 8, alleging that *Moody* was "incorrectly decided" in light of, among other things, *Farris*).

In *Butters*, the defendant made the same argument and cited similar authorities in support, including a case from this district. *See Butters*, 2023 WL 3559472, at *2 (noting that the insurer argued that *Moody* "reached a decision that conflicts" with *Farris*, as the district judge held in "*Runyan v. Foremost Ins. Co.*, Case No. 6:21-cv-1341-MC, Opinion & Order at 3 (D. Or. Oct. 26, 2022)"). As in *Butters*, the Court finds that *Moody* and *Farris* do not clash, and that *Moody* applies to Li's claim here. *See id.* at *2 (noting that "[t]he F&R conclude[d] that *Moody* and *Farris* do not clash, . . . and agree[d] with the decision of the Court of Appeals in [*Moody*],"

PAGE 10 – OPINION AND ORDER

and "adopt[ing] the F&R's reasoning and appl[ying] *Moody* to [the plaintiff's] claim of negligence *per se*").

Allstate argues that even if *Moody* applies based on its "general holding creating a new [negligence *per se*] cause of action," *Moody* "does not control" the present action because it "did not address what a . . . plaintiff must allege or show to actually recover emotional distress damages." (Def.'s Reply at 2-3) (bold omitted). Specifically, Allstate argues that *Moody* did not address the physical impact rule and potential exceptions. (*See* Def.'s Reply at 3, 8, arguing that dismissal is appropriate given Li's "lack of physical injury and failure to meet one of the three [potentially applicable] exceptions," that "*Moody* did not consider, nor does it control the[se] issue[s]," and that Li's response "tacitly acknowledges the veracity of this position"; *see also* Pl.'s Resp. at 6 n.1, opposing holding Li's negligence *per se* claim in abeyance and noting that the *Moody* defendant "did not raise the physical impact/injury rule before the Court of Appeals or in its Opening Brief before the Oregon Supreme Court").

Allstate also notes that in her complaint, Li alleges that Allstate's conduct and UCSPA violations have caused her to suffer non-economic damages other than emotional distress damages, such as "[l]ost peace of mind, being forced to pursue this lawsuit, financial insecurity, . . . stress, frustration, worry, inconvenience, and interference with [her] normal and usual activities[.]" (Def.'s Reply at 8, quoting Pl's Resp. at 7 and Compl. ¶ 30.) Allstate argues that "at most" these other alleged damages "support[] that [Li] manifested physical *symptomology* resulting from alleged emotional distress, [which] is different from the required physical *injury/impact* that cause an emotional injury/distress." (*Id.* at 8.) Relying largely on non-binding decisions, Allstate adds that (1) "Oregon courts have routinely held that mere symptomology of emotional distress, rather than actual *physical injury/touching* that causes

PAGE 11 – OPINION AND ORDER

emotional harm, is insufficient to meet the physical injury requirement," and (2) although Li "alleges that she suffered stress and worry as a result of Allstate's actions, which, in turn, led to the physical consequences of 'lost peace of mind[,] . . . inconvenience, and interference with [Li's] normal and usual activities[,]' [Li] fails to cite any authority allowing a negligence claim to proceed under analogous circumstances." (*Id.* at 8-10, citing *Gartner v. United States*, No. 6:16-cv-01680-JR, 2017 WL 658855, at *7-8 (D. Or. Feb. 15, 2017), *findings and recommendation adopted*, 2017 WL 1731693, at *1-2 (D. Or. May 1, 2017) and *Andersen v. Atl. Recording Corp.*, No. 07-cv-934-BR, 2010 WL 4791728, at *6-7 (D. Or. Nov. 18, 2010).)

The Court finds Allstate's arguments unpersuasive. The *Moody* "plaintiff's negligence *per se* claim . . . allege[d] noneconomic damages for the emotional distress resulting from the insurance company's violations of ORS 746.230(1)," and the Oregon Court of Appeals held that the "plaintiff's complaint satisfie[d] each of the four requirements for stating a claim for negligence *per se*." 505 P.3d at 1052, 1055. In support, the Oregon Court of Appeals explained that "it appear[ed] . . . that the emotional distress that [the] plaintiff allege[d] that she suffered [was] the sort of harm that ORS 746.230 was intended to prevent." *Id.* at 1053. The Oregon Court of Appeals further explained that "an elementary principle of insurance law is that insurance policies . . . provide the policyholder peace of mind" and "[a] corollary to that principle is that statutes regulating the business of insurance—notice of cancellation requirements, for instance—are likewise intended to ensure peace of mind for policyholders." *Id.* at 1056 (citations omitted).

Recognizing that the "Oregon legislature enacted the Insurance Code 'for the protection of the insurance-buying public,' . . . [the Oregon Court of Appeals took] that to mean that the legislature enacted the code to ensure that the insurance-buying public gets what it pays for,

including the peace of mind that is a principal benefit of an insurance policy." *Id.* at 1056-57 (quoting OR. REV. STAT. § 731.008). The Oregon Court of Appeals added that "[t]h[is] certainly appears to be the point of a number of the provisions of ORS 746.230, which are directed at unfair claim settlement practices that implicate not only adverse economic consequences to the policyholder but also the stresses of dealing with insurance company bad faith and delaying tactics." *Id.* at 1057. Thus, even though *Moody* did not specifically address the physical impact rule or potential exceptions, *Moody* supports Li's position that her damages allegations are sufficient for stating a negligence *per se* claim based on Allstate's alleged violations of the UCSPA.

Notably, however, "courts in Oregon have consistently 'rejected claims for emotional distress damages caused by a defendant's negligence, in the absence of any physical injury.'" *Butters*, 2023 WL 3559472, at *2 (quoting *Paul v. Providence Health Sys.-Or.*, 273 P.3d 106, 112 (Or. 2012)). In other words, courts in Oregon have consistently followed what is commonly referred to as the "physical impact rule." *Id.* The three potential exceptions to the physical impact rule are:

> [(1)] where the defendant intended to inflict severe emotional distress[;] . . . [(2)] where the defendant intended to do the painful act with knowledge that it will cause grave distress, when the defendant's position in relation to the plaintiff involves some responsibility aside from the tort itself[;] . . . [and (3)] where the defendant's conduct infringed on some legally protected interest apart from causing the claimed distress, even when that conduct was only negligent.

*Id.* (quoting *Hammond v. Cent. Lane Commc'ns Ctr.*, 816 P.2d 593, 596 (Or. 1991)).

In *Butters*, the district judge rejected the defendant's argument that the plaintiff failed adequately to allege any "physical impact" stemming from the defendant's alleged violations of the UCSPA, and as a result, did not need to reach the issue of whether a *Hammond* exception applied. *See id.* at *2-3. The district judge emphasized that the plaintiff "allege[d] that he

PAGE 13 – OPINION AND ORDER

suffered physical symptoms from chronic stress—including increased heart rate and blood pressure, weight loss, alopecia, and eczema—because of [the defendant's] conduct." *Id.* at *3. The district judge observed that "a person [generally] cannot recover for negligent infliction of emotional distress if the person is not also physically injured, threatened with physical injury, or *physically impacted by the tortious conduct*," that "[n]either the Supreme Court nor [the Oregon Court of Appeals] have sought to define the minimum amount of bodily harm necessary to constitute physical impact," and that the Oregon Court of Appeals has "noted that a directed verdict in favor of the defendants was appropriate in [a previous case] when 'there was no evidence of a perceptible physical effect on the plaintiff as a result of the defendants' alleged negligence." *Id.* (quoting *Lockett v. Hill*, 51 P.3d 5, 6 (Or. Ct. App. 2002), *Chouinard v. Health Ventures*, 39 P.3d 951, 955 (Or. Ct. App. 2002), and *Simons v. Beard*, 72 P.3d 96, 101 n.6 (Or. Ct. App. 2003)).

Based on these authorities, the district judge held that the plaintiff "allege[d] that he has suffered tangible physical injury from the stress induced by [the defendant's] purported negligence," and "therefore satisfie[d] the physical impact rule on a motion to dismiss." *Id.* As a result, the district judge concluded that the defendant's new argument in its objections about the physical impact rule did "not prevent [the district judge] from adopting [this Court's] F&R's recommendation to deny [the defendant's] motion to dismiss the negligence *per se* claim." *Id.* at *2 n.6, *3. The district judge's decision in *Butters* defeats Allstate's argument that Li's alleged "physical *symptomology* resulting from alleged distress" is "insufficient to meet the physical injury requirement." (Def.'s Reply at 8-10.)

Allstate also argues that "Oregon courts have considered the question of whether the state insurance code creates a duty independent of an insurance policy necessary to support a

PAGE 14 – OPINION AND ORDER

negligence [*per se*] claim and found that they do not." (Def.'s Reply at 5.) In support of its argument, Allstate cites and quotes the district court's decision in *Braun-Salinas v. American Family Insurance Group*, No. 3:13-cv-00264-AC, 2014 WL 1333731, at *7 (D. Or. Apr. 1, 2014). (*See* Def.'s Reply at 5-6.) Allstate focuses on *Braun-Salinas*'s reliance on the *dictum* in *Farris*. (*See id.*)

The *Moody* discussion above explains why Allstate's reliance on *Farris* is misplaced. The Court's F&R in *Butters* also addressed these issues and authorities, including the Ninth Circuit's decision in *Braun-Salinas* and cases the Ninth Circuit cited in affirming the district court's decision. *See* 2023 WL 2988763, at *14-18 (addressing *Moody*, *Abraham I*, *Abraham II*, *Braun-Salinas v. Am. Fam. Ins. Grp.*, 665 F. App'x 576, 577-78 (9th Cir. 2016), *Foraker v. USAA Cas. Ins. Co.*, No. 14-00087-SI, 2017 WL 3184716, at *7 (D. Or. July 26, 2017), *Strader v. Grange Mut. Ins. Co.*, 39 P.3d 903, 906-07 (Or. Ct. App. 2022), and *Deckard v. Bunch*, 370 P.3d 478, 483 n.6 (Or. 2016)).

Notably, the Ninth Circuit in *Braun-Salinas* did not cite *Farris* and relied largely on cases the Court and district judge addressed in *Butters*. *See* 665 F. App'x at 578 (holding that the plaintiffs could not "bring a negligence claim under a statutory or common law theory, [and thus were] precluded from bringing a hybrid negligence *per se* claim"); *Butters*, 2023 WL 2988763, at *14-18 (addressing the Ninth Circuit's *Braun-Salinas* decision and the related and subsequent decisions in *Moody*, and explaining why *Strader*, a decision *Braun-Salinas* relied on, "did not address the question that *Moody* addressed, i.e., whether in the insurance context, ORS § 746.230(1) can provide the standard of care for a negligence *per se* claim," and did "not change the Court's analysis"); *Butters*, 2023 WL 3559472, at *2 ("The Court agrees with the F&R in finding that *Moody* and not *Strader* is the proper precedent to follow in these

PAGE 15 – OPINION AND ORDER

circumstances. The Court also agrees with the F&R's finding that Butters' claims would not fail under *Strader* regardless of the Oregon Supreme Court's ultimate decision in *Moody*.").

For these reasons, the Court rejects Allstate's argument that Li's negligence *per se* claim fails as a matter of law, and therefore denies Allstate's motion for partial summary judgment.[2]

## CONCLUSION

For the reasons stated, the Court DENIES Allstate's motion for partial summary judgment (ECF No. 10).

**IT IS SO ORDERED.**

DATED this 30th day of June, 2023.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[2] In light of the procedural posture of Allstate's motion, the Court is inclined to extend the deadline to amend the pleadings, as well as the discovery deadline. The parties shall confer and propose new case management deadlines to the Court.